*1222 OPINION.
Phillips:
The facts presented to us in this proceeding are not involved. On July 10, 1919, Pierce and his wife, the petitioner here, conveyed to the Fort Worth Philanthropic Society a one-half interest in the oil and gas rights upon a farm which they owned. Four days later the Society sold for $144,000 one-half of the interest so conveyed to it and shortly thereafter purchased certain property, apparently with a portion of the proceeds of the sale mentioned above.
The circumstances under which the conveyance by Pierce and his wife to the Society took place are not shown, but by 1920 we find them claiming title to the property which they had conveyed to the *1223 Society and to tbat purchased by the Society with the proceeds of the rights sold. The Society then instituted a suit to determine the claims of the respective parties. A compromise of the suit was agreed upon in 1920 and on June 29, 1920, a judgment was entered accordingly, under which Pierce and his wife regained the unsold portion of the oil and gas rights upon their farm and a part of the property purchased by the Society with the proceeds of the rights which had been sold. On the next day, Pierce and his wife sold one parcel of the property so set off to them. The Commissioner asserts that the sales price, in excess of the mortgages assumed, represented income to Pierce and his wife in 1920 and proposes to assess a tax upon the petitioner accordingly.
We are concerned principally with the property purchased by the Society in 1919 for $85,000, set off to Pierce and his wife in 1920 by the court decree, and sold by them in that year for $85,000. On behalf of the petitioner it is contended that while the title was in the name of the Society, it held such title as constructive trustee and that the decree of the court in 1920, divesting the Society of title and recognizing Pierce and his wife as owners, related their ownership back to the time of its acquisition by the Society. If this be so, the property was acquired by Pierce and his wife in 1919 at a cost of $85,000 and sold in 1920 for the same amount, no gain or loss resulting.
We can not agree with counsel that the decree of the court established the Society as constructive trustee for Pierce and his wife. On that basis it would seem that the entire $144,000 received by the Society in 1919 from the sale of a portion of the oil and gas rights was income to Pierce and his wife in 1919. Had the decree of the court been entered after a hearing on the merits, and revested in Pierce and his wife the entire $144,000 so received, or the property purchased with that money, the contention would have a better basis, although in such a case it is doubtful whether the petitioner could have been said to have realized taxable income in 1919. The situation presented, however, is that of a decree entered pursuant to an agreement reached between the parties. The Society retained some property; Pierce and his wife received some. It represented a compromise and not a clear-cut decision of the issue, and can not logically be said to have established any trust relationship upon the part of the Society. The petitioner relies upon the court decree and has furnished us with no evidence from which we might determine whether any trust relationship was created by the circumstances under which the deed was given.
When we look at the substance of the transaction we find that the petitioner has disposed of a portion of her oil and gas rights which *1224 appear to have cost her nothing, and received certain other property therefor. The transaction is clearly taxable in either 1919 or 1920. Unless a trust existed, all the petitioner had in 1919 was an unliqui-dated claim against the Society, the validity of which was in dispute and which claim has never been adjudicated, being settled by compromise. We are of the opinion that in such circumstances there is in effect an exchange of property and that the income is realized when the property is received in compromise of the claim. The action of the Commissioner in assigning the income to the year 1920 is approved.
It is further contended that in computing the gain the vendor’s lien note of $10,337.82 to W. P. McLean, Jr., should be eliminated, since this was not a payment to the petitioner. There is no explanation of the reason for making a part of the selling price payable to McLean instead of Pierce and his wife. The note to him represented no lien on the property at the time of its sale and presumably represented a payment to him from Pierce and wife. It is therefore properly included as a part of the proceeds of the sale, and there being no evidence that it is deductible from income, the determination of the Commissioner must be followed.
It is noted that the Commissioner computed the petitioner’s gain at $23,999.43, whereas the correct amount is $23,979.43. This adjustment reduces the deficiency to $2,765.49.
[Reviewed by the Board.

Decision will be entered accordingly.